UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
STEVENS & COMPANY, LLC,                                      :
                                        Plaintiff,           :
                                                             :         22 Civ. 9401 (LGS)
              -against-                                      :
                                                             :              ORDER
HEATHER SINTEPPADON,                                         :
                                        Defendant.           :
                                                             :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on November 2, 2022, Defendant filed a notice of removal (the "Notice").

  WHEREAS, the Notice asserts that removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(a) and 1332(a), but the Notice fails to allege the citizenship of either party at the time of removal, and neither the Notice nor the state court pleadings establish the citizenship of either party at the time the lawsuit originally was filed. *See Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (summary order) (notice of removal must allege citizenship at both the time of removal and the time the lawsuit was filed); *United Food & Com. Workers Union, Loc. 919, AFL-CIO, v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (same).

  WHEREAS, both the Notice and the state court pleadings allege that Plaintiff is a New York limited liability company with its principal place of business in New York, but an LLC has the citizenship of each of its members, and neither the Notice nor the state court pleadings alleges the citizenship of those individuals or entities. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

  WHEREAS, both the Notice and the state court pleadings allege that Defendant is a resident of Washington, but the citizenship of an individual is based on their state of domicile,

which may not be their state of residence, and neither the Notice nor the state court pleadings alleges Defendant's domicile. *See Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) ("[R]esidence alone is insufficient to establish domicile for jurisdictional purposes.").

WHEREAS, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks omitted).

WHEREAS, a District Court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal, and may *sua sponte* remand a case at any time for lack of subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006); *see Valentin v. Dollar Tree Stores, Inc.*, No. 21 Civ. 3647, 2021 WL 2852039, at *1 (S.D.N.Y. July 8, 2021).

WHEREAS, if a "notice of removal and the underlying state-court record failed to establish whether the parties to this action were completely diverse," the district court should "remand[] the case to state court." *Platinum-Montaur*, 943 F.3d at 618. It is hereby

**ORDERED** that the matter is remanded to state court. Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, New York County. The Clerk of Court is further directed to close the case.

Dated: November 4, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2